UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROSALIND HAIRSTON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-08-382 |
| | § | |
| PETE GEREN, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day came on to be considered Defendant's Motion for Judgment on the Pleadings, pursuant to Federal Rule of Civil Procedure 12(c). (D.E. 13.) For the reasons stated herein, Defendant's Motion is DENIED.

**I.     Jurisdiction**

This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Plaintiff brings this lawsuit pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

**II.    Factual Background**

While Plaintiff Rosalind Hairston was employed as an Administrative Support Assistant at the Corpus Christi Army Depot ("CCAD"), she was allegedly the target of racial and gender discrimination due to "repeated and ongoing harassment" by a co-worker, Elva Solis. (D.E. 1 ¶¶ 10-11.)  Plaintiff alleges that when she disclosed this discrimination and harassment to her supervisor, Defendant did not take immediate appropriate action to address Ms. Solis' conduct. (D.E. 1 ¶ 11.)  As part of this harassment, Ms. Solis allegedly falsely accused Plaintiff of "banging on her door." Defendant investigated Ms. Solis' accusation and determined it to be false.  Rather than discipline Ms. Solis, however, Defendant allegedly moved Plaintiff to another

location and prohibited Plaintiff from returning to the office where she previously worked.  (D.E. 1 ¶ 12.)   Defendant allegedly failed to ensure that Ms. Solis complied with the policies, procedures, and guidelines set forth by the CCAD, thus allowing Ms. Solis to discriminate against Plaintiff.  (D.E. 1 ¶ 13.)

### III.     Procedural Background

On December 13, 2005, Plaintiff filed a formal charge of discrimination with her federal agency, the Army.  (D.E. 1 ¶ 9; Rosalind D. Hairston v. Pete Geren, Secretary of the Army, Appeal No. 0120071372, 2008 WL 2662489, at *1 (E.E.O.C. June 26, 2008)).[1]  The agency issued a final order rejecting her claim on December 8, 2006, and Plaintiff filed an appeal with the Equal Employment Opportunity Commission ("EEOC") on January 12, 2007.  Rosalind D. Hairston, 2008 WL 2662489, at *1.  The EEOC issued its decision on June 26, 2008, affirming the agency's decision.  Id.  Plaintiff timely requested reconsideration of the EEOC decision, and a final determination affirming the earlier decision was issued on September 10, 2008.  Rosalind D. Hairston v. Pete Geren, Secretary of the Army, Appeal No. 0120071372, 2008 WL 4287763 (E.E.O.C. Sept. 10, 2008).

On December 6, 2008, Plaintiff filed this lawsuit, exercised her right under 42 U.S.C. § 2000e-16(c) to file a civil action in federal district court for a violation of Title VII.  As the final EEOC determination on Plaintiff's case was issued on September 10, 2008, Plaintiff's filing of the Original Complaint on December 6, 2008 was within the ninety-day time period established

---

[1] Even before an employee files a formal complaint, the employee must consult with her agency's equal employment opportunity counselor in an effort to resolve her complaint informally. 29 C.F.R. § 1614.105(a).  The record does not indicate whether Plaintiff performed this step, though the Complaint does state that Plaintiff spoke with her supervisor about the alleged harassment.  (D.E. 1 ¶ 11.)

by 42 U.S.C. § 2000e-16(c).[2]  Plaintiff has thus satisfied the administrative prerequisites to bringing this action.

In her Original Complaint, Plaintiff requests, *inter alia*, an award of equitable relief and actual damages, including back pay and benefits,[3] damages for physical and mental pain and suffering (including compensatory damages), and attorney's fees and costs. (D.E. 1 at 5.)

Defendant filed its Answer on February 25, 2009.  (D.E. 12.)  Defendant denies the allegations in Plaintiff's Original Complaint, argues that Plaintiff failed to file this action within 90 days of receipt of the EEOC's final decision on her appeal as required by 29 C.F.R. § 1614.407(c), and contends that Plaintiff's claims are barred in whole or in part by the Federal Employees Compensation Act, 5 U.S.C. § 8101 et seq. and the determinations of the Secretary of Labor made pursuant thereto.  (D.E. 12 ¶¶ 1-3.)

On June 10, 2009, Defendant filed a Motion for Judgment on the Pleadings, pursuant to Federal Rule of Civil Procedure 12(c).  (D.E. 13.)   Defendant argues that Plaintiff's allegations do not demonstrate "severe or pervasive" conduct, and thus are not within Title VII's purview. (D.E. 13 at 3.)  Moreover, Defendant contends that the Complaint does not state any well-pleaded facts to support a finding of racial or gender discrimination.  (D.E. 13 at 4-5.)  Plaintiff has not filed a response to Defendant's Motion.

---

[2] Defendant, in its Answer, contends that Plaintiff's action is time barred because she did not file this lawsuit within ninety days of receipt of the EEOC's decision on her appeal issued on June 26, 2008. (D.E. 12, ¶ 1.)  It is well settled in this Circuit, however, that the "filing of a timely request to reopen an EEOC decision tolls the statutory time limit" in 42 U.S.C. § 2000e-16(c).  Rowe v. Sullivan, 967 F.2d 186, 190 (5th Cir. 1992) (citing Donaldson v. Tennessee Valley Authority, 759 F.2d 535, 538 (6th Cir. 1985)).  Where a request to reopen an EEOC decision has been made, the "final action" on the employee's complaint for purposes of 42 U.S.C. § 2000e-16(c) is the EEOC's final decision on that request.  The employee may therefore file suit in district court within ninety days of receipt of that "final action."  Donaldson, 759 F.2d at 538.

[3] The basis of the claim for back pay and benefits is not entirely clear, as there is no indication that Plaintiff was terminated or lost pay or benefits due to the harassment.

## IV.  Discussion

### A.  Federal Rule of Civil Procedure 12(c) Standard of Review

The "standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)."  Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004).  The court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  Guidry v. Am. Public Life Ins. Co., 512 F.3d 177, 180 (5th Cir. 2007).  To survive a motion to dismiss under Rule 12(c), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Id. at 180 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Grambling Univ. Nat'l Alumni Ass'n v. Bd. of Supervisors for Louisiana, 286 Fed. Appx. 864, 868 (5th Cir. 2008) ("To survive a Rule 12(c) motion, the plaintiff must plead sufficient facts to state a plausible claim for relief on the face of the complaint.").  A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Guidry, 512 F.3d at 180 (citing Twombly, 550 U.S. at 555).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009).  In situations where "a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  Id. at 1949.

Although a court must accept as true all allegations contained in a complaint, this rule is "inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Twombly, 550 U.S. at 555.

Rule 12(c) is "designed to dispose of cases where material facts are not in dispute and judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002) (quoting Hebert Abstract Co., Inc. v. Touchstone Properties, Ltd., 914 F.2d 74, 76 (5th Cir. 1990)); Fast Capital Marketing, LLC v. Fast Capital LLC, No. H-08-2142, 2008 WL 5381309, at *4 n.3 (S.D. Tex. Dec. 24, 2008); In re Enron Corp. Securities, Derivative & "ERISA" Litig., 439 F. Supp. 2d 692, 695 (S.D. Tex. 2006). In other words, judgment on the pleadings pursuant to Rule 12(c) is appropriate only if "material facts are not in dispute and questions of law are all that remain." Voest-Alpine Trading USA Corp. v. Bank of China, 142 F.3d 887, 891 (5th Cir. 1998); see also Brittan Communications Int'l Corp. v. Southwestern Bell Tel. Co., 313 F.3d 899, 904 (5th Cir. 2002). Like Rule 12(b)(6) motions to dismiss for failure to state a claim, a motion to dismiss under Rule 12(c) is disfavored and rarely granted. See, e.g., Lormand v. US Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009) (Rule 12(b)(6)); Boyd v. Dallas Indep. Sch. Dist., No. 3:08-cv-0426-M, 2009 WL 159243, at *1 (N.D. Tex. Jan. 21, 2009) (Rule 12(c)); Allen v. Travis, No. 3:06-cv-1361-M, 2008 WL 4602734, at *2 (N.D. Tex. Oct. 10, 2008) (Rule 12(c)).

### B.    Title VII of the Civil Rights Act of 1964

#### 1.    Racial Discrimination

Where an individual has been subject to racial discrimination in the workplace, he or she may bring a lawsuit under Title VII based on race discrimination creating a hostile work environment. To establish a hostile working environment claim, a Plaintiff must prove: "(1) she

belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition, or privilege of employment; [and] (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action." See, e.g., Ramsey v. Henderson, 286 F.3d 264, 268 (5th Cir. 2002). For racial harassment to affect a term, condition, or privilege of employment, as is necessary to support a claim for a hostile work environment under Title VII, it must be "'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" Id. (citing Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993)).

In determining whether a workplace is a hostile work environment, a court must consider "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Id. (citing Harris, 510 U.S. at 23).

### 2. Same-Sex Sexual Harassment

Title VII prohibits same-sex sexual harassment. Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75 (1998). To make out such a claim, a plaintiff must "prove that the conduct at issue was not merely tinged with offensive sexual connotations, but actually constituted discrimination because of sex." Id. at 81.

In Oncale, the Supreme Court outlined three different ways in which a plaintiff can demonstrate that an incident of same-sex harassment constitutes sex discrimination. First, a plaintiff can show that the alleged harasser made "explicit or implicit proposals of sexual activity" and provide "credible evidence that the harasser was homosexual." Id. at 80. Second, she can demonstrate that the harasser was "motivated by general hostility to the presence of

[members of the same sex] in the workplace." Id. Third, she may "offer direct, comparative evidence about how the alleged harasser treated members of both sexes in a mixed-sex workplace." Id.; see also LaDay v. Catalyst Tech., Inc., 302 F.3d 474, 478 (5th Cir. 2002) (discussing Oncale). At this stage, it is unclear into which of these three categories Plaintiff's claim falls.

      **C.**     **Dismissal Pursuant to Rule 12(c) is Inappropriate**

In its motion, Defendant argues that Plaintiff's Original Complaint does not state well-pleaded facts to support a finding that she was subjected to "extreme" conduct or an actionable hostile environment. (D.E. 13 at 3.) Defendant further argues that Plaintiff has not stated any well-pleaded facts to support a finding that she was harassed due to her race or gender. (D.E. 13 at 4-5.)

Although Plaintiff's Original Complaint does not contain an overabundance of facts to support her claims of racial and gender discrimination, it is inappropriate to dismiss this action pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff has met her burden to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plaintiff's factual allegations – that she was the target of discrimination on the basis of her race and gender when she was subjected to "repeated and ongoing harassment by her co-worker," and that Defendant did not take appropriate steps to remedy the situation – are sufficient to raise a right to relief above the speculative level. From these allegations, the Court is able to draw the reasonable inference that Defendant is liable for the misconduct alleged.

As noted above, Rule 12(c) motions are "disfavored and rarely granted," Boyd, 2009 WL 159243, at *1, and are "designed to dispose of cases where material facts are not in dispute and judgment on the merits can be rendered by looking to the substance of the pleadings and any

judicially noticed facts." Hebert Abstract Co., 914 F.2d at 76.  Here, the nature and extent of the alleged harassment and discrimination is very much in dispute, and such determinations are necessary to decide whether there has been a violation of Title VII.  The Court must, for example, determine whether the alleged discriminatory conduct rose to such a level as to be "severe and pervasive," whether Ms. Solis's actions were in fact motivated by Plaintiff's race or gender, and whether Defendant took appropriate steps to remedy the situation.  It is clear from the pleadings that the Parties disagree as to these essential facts.  (Compare D.E. 1 ¶ 11-13 with D.E. 12 ¶ 2.)

## V.     Conclusion

For the reasons stated above, the Court DENIES Defendant's Motion for Judgment on the Pleadings, pursuant to Federal Rule of Civil Procedure 12(c).  (D.E. 13.)

SIGNED and ORDERED this 21st day of July, 2009.

_____
Janis Graham Jack
United States District Judge